1  **UNITED STATES BANKRUPTCY COURT**

2  **DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| 3 | In re: ) | Chapter 7 Proceeding |
| | ) | |
| 4 | STEPHEN A. KOHNER and PATRICIA ) | Case No.: 2:13-bk-02159-DPC |
| 5 | L. KOHNER, husband and wife, ) | Case No.: 2:13-bk-02161-DPC |
| | ) | |
| 6 | Debtors. ) | Adversary No. 2:14-ap-00315-DPC |
| | ) | |
| 7 | RES-AZ HP 160, LLC, a Florida limited ) | **ORDER GRANTING MOTION TO** |
| 8 | liability company, ) | **REMAND** |
| | ) | |
| 9 | Plaintiff, ) | |
| | ) | |
| 10 | v. ) | |
| 11 | ) | |
| | GAMMAGE & BURNHAM, P.L.C., an ) | |
| 12 | Arizona professional limited liability ) | |
| | company; JAMES POLESE and JANE ) | |
| 13 | DOE POLESE, husband and wife; ) | |
| | GEORGE WINNEY and JANE DOE ) | |
| 14 | WINNEY, husband and wife, ) | |
| 15 | ) | |
| | Defendants. ) | |
| 16 | | |

17     After the order for relief was entered in this bankruptcy, Gammage & Burnham,

18  P.L.C., an Arizona professional liability company ("G&B"), James Polese and Jane Doe

19  Polese, husband and wife (the "Poleses"), and George Winney and Jane Doe Winney,

20  husband and wife (the "Winneys") (collectively the "Respondents") removed to this

21  Court the action that was pending in state court.[1]  Plaintiff RES-AZ HP 160, LLC, a

22  Florida limited liability company ("Movant"), then filed a Motion to Remand

23  ("Motion") the State Suit back to the State Court.  For the reasons stated below, this

24  Court hereby grants the Motion.

25

26  _____
[1] The action was filed in the Arizona Superior Court, Maricopa County ("State Court") at CV2014-052666 ("State Suit").

## I. Background

The State Suit was filed by Movant against Respondents on March 21, 2014. The State Suit alleges fraud, negligent misrepresentation, and aiding and abetting fraud arising from Respondents' prebankruptcy representation of Stephen and Patricia Kohner ("Debtors") in connection with settlement negotiations relating to a prior suit Movant filed against the Debtors in State Court. These settlement negotiations yielded a Settlement and Forbearance Agreement ("Settlement Agreement"). The Settlement Agreement required the Debtors to give Movant certain certified financial information ("Certified Financials") as consideration for Movant's agreement to temporarily forbear its judgment collection activities and discovery efforts related to the earlier case.

On February 19, 2013, Debtors' creditors (including Movant) filed an involuntary Chapter 7 bankruptcy against Debtors. In the course of making the required financial disclosures under the Bankruptcy Code, the Debtors disclosed information which Movant claims is inconsistent with the Certified Financials. Movant filed the State Suit alleging the Certified Financials were false, incomplete, and/or materially misleading, and that Respondents were liable. On April 9, 2014, Respondents removed the State Suit to the Bankruptcy Court. Movant filed its Motion on May 9, 2014, Respondents responded, and Movant replied. The Court heard the Motion on July 22 and took it under advisement on July 31, 2014.

## II. Issues

The parties raise multiple issues relating to this Court's jurisdiction over the matter and the propriety of abstaining or remanding the State Suit to State Court. The parties raise five issues: (1) Did Respondents properly remove the State Suit? (2) Does the Court have "related to" jurisdiction over the State Suit? (3) Does 28 U.S.C. § 1334(c) apply to the State Suit? (4) If 28 U.S.C. § 1334(c) applies, must/may the

Court abstain? and (5) What factors should the Court consider in determining whether to remand under 28 U.S.C. § 1452(b)?

### III. Analysis

#### A. Jurisdiction

1. Did Respondents Properly Remove the State Suit?

Rule 9027 requires a notice of removal to "contain a short and plain statement of the facts" that entitle the party to removal.[2] F. R. Bankr. P. 9027(a); *see also In re Heinsohn*, 231 B.R. 48, 53 (Bankr. E.D. Tenn. 1999) ("[A] statement is an essential jurisdictional allegation for removal purposes under § 1452(a) only if it describes or sets forth the basis for the district court's exercise of jurisdiction under § 1334."). Rule 9027(a)'s required statement of facts supporting jurisdiction complements 28 U.S.C. § 1452(a)'s requirement that "such district court ha[ve] jurisdiction of such claim or cause of action under section 1334 of this title." The Court must strictly construe federal removal statutes. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 18, 123 S. Ct. 2058, 2068 (2003) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 872 (1941)).

Respondents' Notice of Removal merely states that the State Suit "is a case related to the Bankruptcy Case." A mere allegation that the case is related to a bankruptcy case, without factual support, does not establish jurisdiction. *Cf. Fifty Assocs. v. Prudential. Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (pleading merely alleging that corporate plaintiff was a citizen of New Jersey was factually inadequate to establish basis for diversity jurisdiction because its "citizenship [could] be established only by compliance with the statutes."). Strict construction of the removal statute and application of binding case law lead this Court to conclude that Respondents

---

[2] "The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove . . . ." F. R. Bankr. P. 9027(a).

3

lack standing because they have failed to properly remove the State Suit. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936) ("[A party] must allege in [its] pleading the facts essential to show jurisdiction. If [it] fails to make the necessary allegations [it] has no standing."). Because Respondents lack standing to remove the State Suit, this Court does not have jurisdiction to hear the State Suit. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("[S]tanding and mootness both pertain to a federal court's subject-matter jurisdiction under Article III . . . ."). The Court must remand the State Suit to the State Court. 28 U.S.C. 1447(c) ("If it appears at any time that the [bankruptcy court] lacks subject matter jurisdiction, the case shall be remanded.").

Normally, the Court would end its inquiry upon finding that it does not have jurisdiction to hear the State Suit. Because Movant raises a number of other important issues in its Motion, the Court addresses the parties' other arguments below.

2. If the State Suit Was Properly Removed, Would the Court Have "Related to" Jurisdiction Under 28 U.S.C. § 1334(b)?

If the State Suit was properly removed, the Court would have "related to" jurisdiction[3] according to the expansive language the Ninth Circuit adopted in *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) ("[T]he test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*.") (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original).

Respondents argue that, if Movant succeeds in the State Suit, numerous entities would necessarily be determined to be alter egos of the Debtors and that result could

---

[3] "Except as provided in subsection (e)(2) and notwithstanding, any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

4

bind Respondents in the Trustee's adversary proceeding,[4] thereby "conceivably increas[ing] the value of the estate." Response, 4:8-9. Respondents also contend that if Movant succeeds in the State Suit, "it would in effect beat Trustee to the punch, conceivably reducing the amount of funds available to the estate." *Id.* at 4:13-14. The Court recently dismissed the only count of Trustee's First Amended Complaint ("Complaint") which named Respondents as defendants in the Adversary Proceeding. Unless this Court is reversed on appeal, there is no risk that Movant and the chapter 7 trustee, Lothar Goernitz ("Trustee") might compete for the same funds and decrease the value of the estate. At this point in time, the estate does not have any claims against Respondents.

Despite Respondents' estimation that Movant's successful piercing is "a long shot," such a result could conceivably affect the estate by "alter[ing] the debtor's rights, liabilities, options, or freedom of action . . . ." *Fietz*, 852 F.2d at 457. A successful piercing would mean that Debtors and certain entities were alter egos. Since Respondents represented Debtors, such a finding would mean Respondents also represented such entities. Contrary to Movant's assertion, this finding would supply the required privity between the entity defendants in the Adversary Proceeding and Respondents in the State Suit. *Los Angeles Unified School District v. Los Angeles Branch, NAACP*, 714 F.2d 935, 945 (9th Cir. 1983) ("[T]he party against whom the plea of estoppel is asserted must have been a party or in privity with a party to the earlier action.").

With alter ego findings, the Trustee could assert offensive collateral estoppel in the Adversary Proceeding to establish that the entities were alter egos of the Debtors. *See United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) ("Courts

---

[4] Lothar Goernitz, Chapter 7 Trustee v. Kohner, et al., adversary case no. 2:13-ap-00199-DPC (the "Adversary Proceeding").

Case 2:14-ap-00315-DPC   Doc 51   Filed 09/25/14   Entered 09/25/14 10:19:07   Desc
Main Document    Page 5 of 11

have recognized that a non-party may be bound if a party is so closely aligned with its interests as to be its virtual representative.") (citation and internal quotation omitted). This would essentially eliminate an element of the claims Trustee must prove in the Adversary Proceeding, thereby increasing the probability of the Trustee successfully recovering transfers between the Debtors and the entities, thereby conceivably increasing the estate's value. At oral argument, Respondents also suggested that an adverse State Suit result could potentially give Debtors an affirmative defense in the Adversary Proceeding (presumably good faith), thereby possibly reducing the estate's value. Either conceivable effect on the estate gives the Court "related to" jurisdiction over the State Suit under *Fietz. Fietz*, 852 F.2d at 457.

## B. Abstention

<u>Does 28 U.S.C. § 1334(c) Apply?</u>

If this Court has jurisdiction, it cannot abstain from hearing the matter under 28 U.S.C. § 1334(c).[5] In the Ninth Circuit, "[a]bstention can exist only where there is a parallel proceeding in state court," and "parallel" is synonymous with "pending." *In re Lazar*, 237 F.3d 967, 981-82 (9th Cir. 2001) ("'[B]ecause there is no pending state proceeding, §§ 1334(c)(1) and 1334(c)(2) are simply inapplicable to this case.'") (quoting *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009-10 (9th Cir. 1997)). There is no pending/parallel proceeding in state court, so 28 U.S.C. §1334(c) does not apply, and the Court cannot rely on either to abstain from hearing this action.

Movant cites *Maya LLC v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*, 374 B.R. 733, 739 (Bankr. C.D. Cal. 2007), for the proposition that the removed action qualifies as a pending proceeding in state court for purposes of mandatory abstention,

---

[5] 28 U.S.C. §§ 1334(c)(1) and (2) pertain to permissive and mandatory abstention, respectively. Section 1334(c)(1) states, in relevant part, that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity . . . from abstaining from hearing a particular proceeding . . . related to a case under title 11." Section 1334(c)(2) requires the Court to abstain upon a party's timely motion if the Court would only have "related to" jurisdiction and "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

6

but concedes that it conflicts with *Security Farms*.[6]  In *Maya*, plaintiff Maya sued defendant Allen in Los Angeles Superior Court.  *Id.* at 736.  Allen removed his case to the bankruptcy court where Cytodyn, another defendant in Maya's suit, had filed a Chapter 11 petition.  *Id.*  Maya then moved for abstention and remand.  *Id.* at 737.  The *Maya* court refused to abstain, citing *Security Farms* for the proposition that "a successful removal effectively extinguishes the parallel proceeding in state court," *Id.* at 737-38, but considered the related state-court proceeding as a factor weighing in favor of remand.  *Id.* at 739.  The Ninth Circuit's *Lazar* and *Security Farms* holdings are binding on the Court.  They mandate that the Court not abstain from hearing the removed action because removal necessarily extinguishes the parallel state proceeding and cause section 1334(c) not to apply.  *In re Lazar*, 237 F.3d 967, 981-82 (9th Cir. 2001) (quoting *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1009-10 (9th Cir. 1997)).  The Court can only consider whether remand is appropriate under 28 U.S.C. § 1452(b).

**C. Remand**

1.  Are There Equitable Grounds for Remand?

In deciding whether to remand under 28 U.S.C. § 1452(b), the Court considers many of the same factors that determine whether permissive abstention is appropriate.[7]  *In re Diversified Contract Svcs., Inc.*, 167 B.R. 591, 596 (Bankr. N.D. Cal. 1994) ("[C]ases decided under the abstention statute are persuasive authority for determining whether a removed action should be remanded.").  The Ninth Circuit has approvingly cited 12 factors a court should consider for permissive remand, *In re Tucson Estates*, 912 F.2d 1162, 1167 (9th Cir. 1990),[8] and courts in this district have considered similar

---

[6] Movant quotes *Maya LLC* for the proposition that, in interpreting 28 U.S.C. § 1334(c)(2) "it seems silly to simply ignore the fact that a state action was 'commenced' . . . before [the defendant] removed." 374 B.R. at 738.  Although this Court tends to agree with the *Maya* court, Movant's proposition actually conflicts with *Maya*.  The court in *Maya* acknowledged that it could not abstain, but considered the state action as a factor favoring remand.

[7] "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).

[8] The factors are: "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled

factors when deciding whether remand or permissive abstention is appropriate. *See, e.g.*, *Matter of Med. Lab. Mgmt. Consultants*, 931 F. Supp. 1487, 1492-93 (D. Ariz. 1996).[9] Generally, the Court can remand on "any equitable ground," and the Ninth Circuit recognizes this language is "an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999). After considering the relevant Ninth Circuit and District of Arizona factors, this Court finds that remand is appropriate.

### a. Efficient Administration of the Estate

The Trustee's Complaint in the Adversary Proceeding seeks relief on numerous claims, including declaratory relief that the numerous entities "were mere instrumentalities of Debtors" and "property of the Bankruptcy Estate." Trustee's First Amended Complaint, adversary case no. 2:13-ap-00199-DPC, 34:18-19, 34:26, Feb. 17, 2014. If the Court remands the State Suit and Movant successfully pierces the entities against Respondents, the Trustee might not have to litigate that issue in the Adversary Proceeding, thereby preserving estate assets. This result could also increase the estate's assets if the pierced entities are determined to have assets that would come into the bankruptcy estate. Conversely, if Movant succeeds in piercing, and Debtors subsequently use that finding to raise an affirmative defense in the Adversary Proceeding, Trustee will need to litigate an extra issue. If the Court remands and

---

nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties." 167 B.R. at 596.

[9] The court in *Med. Lab.* considered: "judicial economy; the presence of substantial questions of state law; comity; and the possibility of inconsistent factual findings." 931 F. Supp. at 1493.

Movant does not pierce the entities, nothing changes for the Trustee. This factor neither weighs for nor against remand.

### b. The Extent to Which State Law Issues Predominate Over Bankruptcy Issues

While the outcome of the State Suit could conceivably affect the bankruptcy case, *see supra* Part III.A, the issues in the State Suit are entirely grounded in Arizona common law. Movant's State Suit alleges common law counts for fraud, aiding and abetting fraud, and negligent misrepresentation. This factor weighs in favor of remand.

### c. Is There A Jurisdictional Basis Besides 28 U.S.C. § 1334?

The only pleaded ground for federal jurisdiction is the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b). The State Suit claims are all state common law causes of action. Respondents do not dispute Movant's contention that there are no grounds for diversity jurisdiction. This factor weighs in favor of remand.

### d. Relatedness/Remoteness to the Main Bankruptcy Case

Because the Court recently dismissed the only count of Trustee's First Amended Complaint which named Respondents as defendants and because Respondents do not have claims against this estate, the State Suit is remote from the bankruptcy case. While the two actions share many common facts, the claims involve different theories of liability and bodies of law. This factor weighs in favor of remand.

### e. Movant's Right to a Jury Trial

Movant demanded a jury trial in the State Action and explicitly refused to consent to a jury trial in the bankruptcy court. Demand, dkt. no. 22, April 23, 2014. Movant did not waive its right to a jury trial by filing a contingent Motion to Amend in conjunction with its Response to Respondents' Motion to Dismiss. *Newport v. Dell, Inc.*, 2008 WL 2705364, *4 (D. Ariz. 2008) (Plaintiff's filing of a First Amended Complaint was "a defensive maneuver responsive to the filing of Defendants' Motions to Dismiss" that did

not "offend[] the fundamental principles of fairness . . . .") (distinguishing *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996)).

"[W]here a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate." *In re Cinematronics*, 916 F.2d 1444, 1451 (9th Cir. 1990) (citation omitted). The Court owes deference to Movant's choice of forum. *Stoe v. Flaherty*, 436 F.3d 209, 214 (3d Cir. 2006) ("[A] party who wishes to litigate a state claim in state court, but finds himself in a federal court solely because the controversy is related to a bankruptcy, should be able to insist upon a state adjudication if that will not adversely affect the bankruptcy proceedings."); *see id.* at n. 1 (citing, *e.g.*, 130 Cong. Rec. 13063, 13066-67 (1984)). In this case, remanding the State Case to State Court for a jury trial is the fairest and most logical result under *Cinematronics*. Movant's demand for and right to a jury trial weighs in favor of remand.

### f. Presence of Nondebtor Parties

Only non-debtors are parties to the State Suit. This factor weighs in favor of remand.

### g. Possibility of Inconsistent Factual Findings

Remand does not raise the prospect of inconsistent factual findings as to Respondents because they are no longer parties to the Adversary Proceeding or otherwise involved in the bankruptcy case. This factor is neutral.

### h. Judicial Economy

Given the fact that the State Suit is, at most, a non-core case over which this Court has only "related to" jurisdiction, and that Movant does not consent to a jury trial in the bankruptcy court, this Court does not have authority to enter final orders and judgment. *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014). This Court could only "propose findings of fact and conclusions of law" for the district

court to review *de novo*. *Id.* The prospect of two courts hearing the State Suit runs contrary to judicial economy and favors remand.

### i. *Important Issues of State Law*

The State Suit raises important questions regarding causes of action against Arizona professionals and the limits of their shield against liability arising from their involvement in client activities. This factor weighs in favor of remand.

## IV. Conclusion

Respondents' defective Notice of Removal deprives them of standing. The Court does not have subject matter jurisdiction over the State Suit and must remand to State Court. Had the Notice of Removal been effective, this Court could not have abstained. However, equitable considerations weigh in favor of remand to State Court. For these reasons, it is ordered that the State Suit be remanded to State Court for further proceedings.

**So ordered.**

**DATED: September 25, 2014**

_____
DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.